J-S13045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRELL COASEY | : | |
| | : | |
| Appellant | : | No. 2536 EDA 2025 |

Appeal from the PCRA Order Entered September 5, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003266-2022

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED MAY 06, 2026**

Appellant, Darrell Coasey, appeals from the order entered in the Bucks County Court of Common Pleas, which denied his timely first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this matter are as follows. On February 26, 2022, Curtis Bucci and a companion bought heroin and crack cocaine from Appellant and a co-defendant. Mr. Bucci then died of an overdose of Fentanyl and Xylazine. Appellant was arrested in connection with the death and, on January 26, 2023, entered a negotiated guilty plea to drug delivery resulting in death ("DDRD") and conspiracy to commit DDRD. That same day, the court imposed a negotiated sentence of 7 to 20 years of incarceration. Appellant did not file a direct appeal.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On November 7, 2023, Appellant filed a timely first *pro se* PCRA petition, arguing that plea counsel was ineffective for failing to file a requested direct appeal. The court appointed counsel, who filed a **Turner**/**Finley**[2] "no merit" brief and motion to withdraw. On March 15, 2024, the court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing and granted counsel's motion to withdraw. On April 24, 2024, the court formally dismissed Appellant's petition.

On May 16, 2024, Appellant timely filed a notice of appeal. On April 2, 2025, this Court vacated the order dismissing Appellant's petition, and remanded for the appointment of PCRA counsel, the filing of a new PCRA petition, and a PCRA evidentiary hearing. **See Commonwealth v. Coasey**, No. 1568 EDA 2024 (Pa.Super. filed Apr. 2, 2025) (unpublished memorandum) (holding that appellant timely asserted on appeal that PCRA counsel was ineffective for failing to assert plea counsel was ineffective for failing to file requested direct appeal; appellant's claim that he asked plea counsel to file direct appeal raised disputed issue of material fact that cannot be resolved by PCRA counsel's contrary assertion and compels remand and appointment of new counsel to permit appellant opportunity to prove claim at evidentiary hearing).

On May 15, 2025, the court appointed new counsel. On July 11, 2025, Appellant filed an amended PCRA petition asserting that plea counsel was

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

ineffective for failing to file a requested direct appeal.

On August 27, 2025, the court held an evidentiary hearing on Appellant's petition. At the hearing, Appellant admitted that he did not ask plea counsel, John Han, Esquire, to appeal until after his motion for return of property was successful. This occurred almost two months after Appellant's plea. Appellant claimed that he spoke to Attorney Han in the courtroom on the date of the plea about filing a motion to reconsider his sentence, which Attorney Han claimed that Appellant could not do because he entered a negotiated guilty plea, and that Attorney Han "shut down" further conversation. (N.T. Hearing, 8/27/25, at 7). Appellant claimed that he had written to Attorney Han asking about reconsideration of his sentence but did not keep a copy of the letter.

Appellant stated that he made a phone call to Attorney Han after he was transferred from Bucks County to SCI-Phoenix, a few days to one week after the plea. Appellant stated that he asked for an appeal but did not specify if that request had occurred at the plea hearing, in the letter he wrote to Attorney Han, or in that phone call to Attorney Han. On cross-examination, Appellant acknowledged that his plea and sentence were negotiated but Appellant insisted he had still asked for reconsideration. Appellant then claimed that he requested an appeal during a phone call to Attorney Han.

Attorney Han, on the other hand, testified that he spoke with Appellant after the plea regarding two issues only: a return of property motion, filed December 8, 2022, and Appellant's request that he contact authorities in New

Jersey to determine the status of other legal matters. Attorney Han described his efforts taken to fulfill these requests, as well as his communication with Appellant's family members throughout the case. Attorney Han stated unequivocally that Appellant had never spoken to him about filing a motion for reconsideration of sentence or an appeal. According to Attorney Han, the plea involved a negotiated sentence that Appellant had agreed to, and which was only for the conspiracy charge rather than the DDRD charge. This plea lowered Appellant's standard range to 84 to 104 months of incarceration rather than 96 to 114 months. Further, because Appellant had a prior record score of five, Attorney Han believed the negotiated plea and sentence were reasonable and fair.

On September 5, 2025, the PCRA court denied relief. On October 1, 2025, Appellant timely filed a notice of appeal. On October 3, 2025, the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 22, 2025, Appellant timely complied.

On appeal, Appellant raises a single issue for our review:

> Did the trial court err in its determination that [Appellant] was not entitled to post-conviction relief with respect to the claim that [Appellant] instructed [plea] counsel to file an appeal to the Superior Court of Pennsylvania, and that [plea] counsel was ineffective in his failure to do so, and to protect [Appellant's] appeal rights?

(Appellant's Brief at v).

Appellant argues that he directed plea counsel to file an appeal on his behalf, and that plea counsel's failure to do so constitutes ineffectiveness *per*

- 4 -

*se*. Appellant contends that he proved at the evidentiary hearing that it was more likely than not the case that he directed counsel to file the appeal. Appellant concludes plea counsel rendered ineffective assistance, and this Court must grant relief. We disagree.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Beatty***, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). "[W]e review the court's legal conclusions *de novo.*" ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ____ Pa. ____, 268 A.3d 386 (2021). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297 (2011).

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to

prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111 (2011).

Generally, an appellant who pleads guilty may challenge only the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea on appeal. **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa.Super. 2017). "[W]hen 'the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence.'" **Id.** (quoting **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa.Super. 1991)).[3]

_____

[3] During the evidentiary hearing, Appellant claimed that he had asked plea counsel to file a motion for reconsideration of sentence in addition to the alleged requested direct appeal, but Appellant appears to have abandoned this argument on appeal.

Regardless, the failure to file a post-sentence motion does not automatically give rise to a presumption of prejudice; rather, where counsel fails to file post-sentence motions, the traditional three-prong test applies to determine whether counsel was ineffective. **Commonwealth v. Reaves**, 592 Pa. 134, 923 A.2d 1119 (2007) (holding defendant must satisfy traditional three-prong
*(Footnote Continued Next Page)*

Regarding Appellant's claim that counsel was ineffective for failing to file a direct appeal on his behalf, our Supreme Court has explained:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

***Commonwealth v. Lantzy***, 558 Pa. 214, 226-27, 736 A.2d 564, 572 (1999) (internal footnote omitted). In other words, if counsel neglects to file a **requested** direct appeal, "counsel is *per se* ineffective as the defendant was

_____

ineffectiveness test concerning counsel's failure to file post-sentence motions). ***See also Commonwealth v. Liston***, 602 Pa. 10, 16, 977 A.2d 1089 (2009) (emphasizing that failure to file post-sentence motions does not fall within limited ambit of situations where defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief). Therefore, an appellant alleging ineffectiveness in connection with the failure to file post-sentence motions must prove "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." ***Reaves, supra*** at 147, 923 A.2d at 1127.

Here, even if Appellant had continued this argument on appeal, Appellant cannot establish ineffectiveness in connection with plea counsel's failure to file a post-sentence motion for reconsideration of his sentence. Appellant received the agreed-upon negotiated aggregate sentence of 7 to 20 years of incarceration following his guilty plea; because the court imposed the negotiated sentence, Appellant would not have been permitted to challenge the discretionary aspects of his sentence. ***See Morrison, supra***. Thus, any post-sentence motion challenging the discretionary aspects of sentencing would have been futile.

- 7 -

left with the functional equivalent of no counsel." ***Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa.Super. 2011), *appeal denied*, 615 Pa. 764, 40 A.3d 1235 (2012).

Even if a defendant does not expressly ask counsel to file a direct appeal, counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa.Super. 2006), *appeal denied*, 591 Pa. 695, 918 A.2d 741 (2007). Where the defendant did not request counsel to file a direct appeal but counsel failed to consult with the defendant, counsel is not *per se* ineffective and the court applies the traditional three-prong test "to decide whether counsel rendered constitutionally ineffective assistance by failing to advise [the] client about his appellate rights." ***Markowitz, supra*** at 716.

> Pursuant to [***Roe v. Flores-Ortega***, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) and its Pennsylvania expression, ***Commonwealth v. Touw***, 781 A.2d 1250 (Pa.Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." ***Touw***[***, supra***] at 1254 (quoting ***Roe***[***, supra***] at 480, 120 S.Ct. [at 1036]).

***Bath, supra*** at 623. "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." ***Markowitz, supra*** at 716. Prejudice in this context means a defendant must show a reasonable

probability that, but for counsel's failure to consult, the defendant would have sought additional review. *Touw, supra* at 1254.

Instantly, the PCRA court observed:

> [C]ounsel had no duty to consult with Appellant regarding an appeal since they worked out a deal for a lower charge and sentence that Appellant accepted. This court wholly believed [Attorney] Han's testimony that Appellant never directed [Attorney] Han to appeal his guilty plea negotiated sentence, and Appellant's testimony largely supported this finding. Therefore, this court dismissed Appellant's Amended PCRA Petition.

(PCRA Court Opinion, 12/3/25, at 6).

The record supports the PCRA court's determination. Here, Appellant testified that he had requested Attorney Han to file a direct appeal on his behalf. Although Appellant did not specify when this conversation occurred, he suggested it may have taken place during a phone call with plea counsel. On the other hand, Attorney Han testified that he did not speak with Appellant after the plea regarding his appellate rights. Attorney Han testified unequivocally that Appellant did not ask him to file an appeal. According to Attorney Han, he had no reason to assume Appellant would want to file an appeal, where Appellant had entered into a negotiated guilty plea and received the lower, agreed-upon sentence. The PCRA court made an explicit credibility determination in Attorney Han's favor, and we are bound by that determination as it is supported by the record. *See Dennis, supra*. Thus, Appellant has failed to establish that he requested Attorney Han to file a direct appeal on his behalf.

Regarding whether Attorney Han had a duty to consult with Appellant about filing an appeal, we cannot conclude that a rational defendant would wish to appeal, as there were no non-frivolous grounds to appeal from the imposition of an agreed-upon negotiated sentence. Further, based upon the above testimony and credibility determinations, we cannot conclude that Appellant reasonably demonstrated to counsel that he was interested in appealing. *See Touw, supra*. Thus, Appellant's issue on appeal merits no relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2026